# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1526V

| | |
|---|---|
| RUTH PARULIS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 18, 2025 |

*Leigh Finfer,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mary Novakovic,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 5, 2023, Ruth Parulis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration. Petition, ECF No. 1. On February 18, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,266.15[3] (representing $20,050.22 in fees and costs incurred by Petitioner's counsel of record: Leigh Finfer, plus $5,215.93 in fees and costs incurred by Petitioner's former counsel: Ronald C. Homer). Application for Fees and Costs ("Motion") filed April 24, 2025, ECF No. 32. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on May 7, 2025, indicating that he is satisfied the statutory requirements for an award of fees and costs are met in this case and deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 33. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] It appears that there's a scrivener's error in Petitioner's Motion regarding the total amount of attorney's fees requested herein. Petitioner requested $25,167.15 in total fees and costs incurred, see ECF No. 32 at 2, ¶ 5. However, a review of the billing records reflects that a combined total of $25,266.15 was actually incurred in attorney's fees and costs accounting for both current and former counsel's fees and costs. Accordingly, the amount to be awarded herein will be based on the total amounts reflected in the billing records submitted in support thereto.

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested by Petitioner's counsel of record and former counsel, for all work performed through the end of 2024 are reasonable and consistent with our prior determinations. However, attorney Finfer was previously awarded the *lesser* rate of $330.00 per hour for work performed in 2025. *See Olszanicky* v. *Sec'y of Health & Hum. Servs.,* No. 23-1026V, Slip Op. 32 (Fed. Cl. Spec. Mstr. April 22, 2025). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce attorney Finfer's rate to $330.00 per hour for all time billed in 2025, to be consistent with the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $82.00**.[4]

Additionally, a review of the billing records reveals several entries billed on tasks considered administrative in nature.[5] But billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri* v. *Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145

---

[4] This amount consists of reducing attorney Finfer's rate to what she was previously awarded for time billed in 2025 and is calculated as follows: ($350.00 - $330.00 = $20.00 x 4.10 hours billed in 2025) = $82.00.

[5] Billing entries reflecting tasks considered administrative in nature are dated as follows: 9/5/23; 10/9/23 (three entries regarding e-filing); 5/20/24; 7/29/24; 8/28/24; 9/20/24; 10/21/24; 11/20/24; 2/13/25; 2/19/25; 2/24/25. See ECF No. 32. These billing entries reflect a cumulative total of $241.30 in fees claimed for administrative tasks. See ECF No. 32 at -15

n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $241.30.**

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 32 at 17-44 and at 37-44. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $24,942.85[6] as follows:**

- **A lump sum of $19,726.92, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Leigh Finfer's IOLTA account for prompt disbursement; and**

- **A lump sum of $5,215.93, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Ronald C. Homer's IOLTA account for prompt disbursement.**

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.